UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 18 2009
Clerk, U.S. District and
Bankruptcy Courts

David E. Henderson,       )
                          )
        Plaintiff,        )
                          )
    v.                    )    Civil Action No.    09 1554
                          )
Lt. General Alexander, Director,  )
National Security Agency, )
                          )
        Defendant.        )

## MEMORANDUM OPINION

This matter is before the court on plaintiff's application to proceed in forma pauperis and a pro se complaint. The court will grant the application and dismiss the complaint.

The plaintiff alleges that the defendant, without proper legal authorization, has caused plaintiff's residential telephone line to be wire-tapped, and that the unauthorized invasion has continued from 1998 to 2008. Complaint ("Compl.") at 1-2. "In damages plaintiff requests nine million dollars [apparently under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.],[1] trebled for punitive damages for 27 million dollars trebled by RICO [the Racketeer Influenced and Corrupt Organizations Act] for total monetary damages of 81 million dollars." *Id.* at 10. The plaintiff also seeks injunctive relief.

Because the defendant is sued in his official capacity, this suit is the equivalent of a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The United States enjoys sovereign immunity from suit except where Congress has expressly waived that immunity. *United States v. Mitchell*, 4445 U.S. 535, 538 (1980). The United States has not

---

[1] *See* Compl. Ex. (Letter to Gen. Alexander, July 12, 2009), at 1 (referring to a claim under the FTCA).



expressly waived immunity from suit for treble damage claims brought under RICO. *Norris v. Dep't of Defense,* 1997 WL 362495 (D.C. Cir. 1997). Thus, the RICO claim must be dismissed for want of jurisdiction.

While the United States may be sued, in some circumstances, under the FTCA, a condition of this waiver of sovereign immunity is the timely presentation of a claim to the appropriate federal government agency. *See United States v. Kubrick,* 444 U.S. 111, 117 (1979). Thus, the filing of an administrative claim with the appropriate agency is a mandatory prerequisite to the filing of a lawsuit against the United States; without it, the Court lacks jurisdiction to entertain a claimant's tort claims. *See Jackson v. United States,* 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. United States Postal Service,* 937 F.Supp. 11, 14 (D.D.C. 1996). "A tort claim against the United States shall be ***forever barred*** unless it is presented in writing to the appropriate Federal agency ***within two years after such claim accrues*** or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added). An FTCA claim accrues once the injured party knows both the fact of his injury and its cause. *See Kubrick,* 444 U.S. at 122; *Sexton v. United States,* 832 F.2d 629, 633 (D.C. Cir. 1987). It is clear from the plaintiff's prior suit against this same defendant regarding these same allegations, that the plaintiff was aware, at least three years ago, of his cause of action regarding the alleged unauthorized wire-tapping. Yet here, as in the prior case, the plaintiff does not allege or provide evidence that he exhausted his administrative remedies before filing this suit. *See* Complaint, *Henderson v. Alexander,* Civil Action No. 06-245 (D.D.C. Feb. 10, 2006). Thus, for the same reasons as those stated in the memorandum opinion in the prior case, *see* Mem. Op.,

Civil Action No. 06-245 (D.D.C. Dec. 15, 2006), the claim under the FTCA also will be dismissed for lack of subject matter jurisdiction. Moreover, because the failure to file a claim with the appropriate agency within two years of the accrual of the claim cannot now be cured, the claim is dismissed with prejudice.

The plaintiff also seeks injunctive relief. However, the complaint does not allege facts that would support injunctive relief. The complaint alleges only that the allegedly unauthorized wire-tapping continued into 2008. Thus, the plaintiff has failed to state a claim upon which injunctive relief could be granted. Accordingly, on its authority under 28 U.S.C. § 1915(e)(2)(B)(*ii*), this last claim will also be dismissed.

A separate order accompanies this memorandum opinion.

Date: August 10, 2007

United States District Judge